IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| DENNIS BAUMGARTNER | § | |
|---|---|---|
| Plaintiff, | § | |
| VS. | § | NO. 3-09-CV-2357-BD |
| MICHAEL J. ASTRUE, Commissioner of Social Security | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Dennis Baumgartner seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is reversed.

I.

Plaintiff alleges that he is disabled due to a variety of ailments, including insulin-dependent diabetes mellitus, cardiomyopathy, and cirrhosis. After his applications for disability and supplemental security income ("SSI") benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. Two hearings were held in this case. The first hearing, at which plaintiff appeared *pro se*, was held on August 21, 2007. That hearing was continued so plaintiff could obtain counsel. A second hearing before a different ALJ was held on December 17, 2007. At the time of the second hearing, plaintiff was 53 years old. He is a high school graduate, attended college for one year, and has past work experience as a laboratory technician and a mental health caregiver. Plaintiff has not engaged in substantial gainful activity since September 1, 2004.

The ALJ found that plaintiff suffered from insulin-dependent diabetes mellitus, cardiomyopathy, and cirrhosis, but that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The judge also concluded that beginning on September 6, 2005, plaintiff lacked the residual functional capacity to perform his past relevant work, or any work in the national economy, due to uncontrolled diabetes with end organ damage and neuropathy. However, because plaintiff last met the insured status requirements of the Social Security Act on March 31, 2005, the ALJ determined that plaintiff was not entitled to disability benefits.[1] Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In two grounds for relief, plaintiff contends that: (1) the ALJ failed to consult a medical expert in determining the onset date of his disability; and (2) substantial evidence does not support the finding that he had the residual functional capacity to perform the full range of light work prior to September 6, 2005.[2]

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427,

---

[1] The ALJ found that plaintiff was disabled for purposes of receiving SSI benefits. (*See* Tr. at 21). That determination is not at issue in this proceeding.

[2] In his opening brief, plaintiff also argues that a remand is required because the Commissioner failed to provide a transcript of the administrative hearing held on December 17, 2007. The Commissioner has since supplemented the record with the missing transcript, thereby rendering moot this ground for relief.

28 L.Ed.2d 842 (1971); *see also Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *See Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial

> work in the economy. This determination is made on the
> basis of the claimant's age, education, work experience, and
> residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing other work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant establishes prejudice. *See Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Among the arguments made by plaintiff is a single claim that compels remand -- the ALJ failed to consult a medical expert in determining his disability onset date. "The onset date of disability is the first day an individual is disabled as defined in the Act and the regulations." SSR

83-20, 1983 WL 31249 at *1 (S.S.A. 1983). Factors relevant to this determination include the claimant's allegation concerning the onset date, work history, and the medical evidence. *Id.* at *2. Among these factors, "[t]he medical evidence serves as the primary element in the onset determination." *Id.*; *see also Spellman v. Shalala*, 1 F.3d 357, 361 (5th Cir. 1993). With respect to slowly progressive impairments, such as diabetes, cirrhosis, and cardiac conditions, the Commissioner has recognized that:

> [I]t is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling. Determining the proper onset date is particularly difficult, when, for example, the alleged onset and the date last worked are far in the past and adequate medical records are not available. In such cases, it will be necessary to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process.
>
> Particularly in the case of slowly progressive impairments, it is not necessary for an impairment to have reached listing severity (i.e., be decided on medical grounds alone) before onset can be established. In such cases, consideration of vocational factors can contribute to the determination of when the disability began[.]

SSR 83-20, 1983 WL 31249 at *2. In determining the onset date of disability, "the date alleged by the [claimant] should be used if it is consistent with all the evidence available." *Id.* at *3. Where precise evidence of the onset date is not available, SSR 83-20 instructs that:

> [I]t may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. *At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred.*

*Id.* (emphasis added). The Fifth Circuit has held that SSR 83-20 requires the ALJ to consult a medical advisor to infer an onset date where the claimant suffers from a slowly progressive

impairment and ambiguous medical evidence surrounds the onset date. *See Spellman*, 1 F.3d at 362-63. If the medical evidence is insufficient to make such an inference, the ALJ may consult other sources of information, such as lay testimony from family members, friends, or former employers. *See* SSR 83-20, 1983 WL 31249 at *3. Ultimately, "[c]onvincing rationale must be given for the date selected." *Id.*

Here, the medical evidence regarding plaintiff's onset date was plainly ambiguous. As early as 1997, plaintiff began suffering from diabetes that was frequently out of control. (*See* Tr. at 341, 351, 354, 369, 375, 387, 393, 399). Plaintiff reportedly stopped working on September 1, 2004, due to ulcers on his feet that prevented him from performing his job as a mental health caregiver. (*Id.* at 108, 570). However, there is no medical evidence in the record to account for plaintiff's physical condition between June 16, 2004, when he received treatment for a foot ulcer, and August 19, 2005, when he was taken to Navarro Regional Hospital and diagnosed with uncontrolled diabetes with marked hyperglycemia, acute urinary retention, diabetic neuropathy, and pressure ulcers. (*See id.* at 252-82, 477-498, 502-507).

The Commissioner does not dispute the ambiguity of this evidence. Instead, he argues that the ALJ correctly determined plaintiff's onset date based on medical expert testimony at the August 21, 2007 hearing. (*See* Def. MSJ Resp. at 9). While it is true that Dr. Ann Turveville, a medical consultant, testified at the first administrative hearing that plaintiff was disabled as of the date he applied for SSI benefits, (*see* Tr. at 555), which is consistent with the ALJ's determination that plaintiff was disabled as of September 6, 2005, (*see id.* at 21), there is no evidence that the ALJ based his determination of the disability onset date on that medical opinion. The decision is completely devoid of any reference to the earlier hearing, much less Dr. Turveville's testimony at that hearing. (*See id.* at 15-22). Indeed, it is unclear whether the ALJ, who did not preside over the

August 21, 2007 hearing, was even aware of Dr. Turveville's testimony. The onset determination appears to be arbitrarily based on the date plaintiff applied for SSI benefits. (*See id.* at 15). Such a determination constitutes legal error. *See Martinez v. Barnhart*, 262 F.Supp.2d 40, 46 (W.D.N.Y. 2003) (ALJ may not rely on date the claimant applied for SSI benefits to establish disability onset date).

SSR 83-20 makes clear that the date of onset alleged by the claimant "should be used if it is consistent with all the evidence available." SSR 83-20, 1983 WL 31249 at *3. Where, as here, the medical evidence is insufficient to establish a precise onset date and onset must be inferred, the ALJ is required to employ a medical advisor to assist in making that determination. *Id.*; *see also Spellman*, 1 F.3d at 362 ("[I]n cases involving slowly progressive impairments, when the medical evidence regarding the onset date of a disability is ambiguous and the Secretary must infer the onset date, SSR 83-20 requires that that inference be based on an informed judgment. The Secretary cannot make such an inference without the assistance of a medical advisor."). Because there is no indication that the ALJ consulted a medical advisor to determine the onset date of plaintiff's disability, the hearing decision must be reversed. *See Loveless v. Astrue*, No. 7-08-CV-169-KAO, 2009 WL 1808705 at *4 (N.D. Tex. Jun. 23, 2009) (failure of ALJ to engage a medical advisor resulted in uninformed judgment as to the onset date of disability and constituted legal error requiring remand); *Martinez*, 262 F.Supp.2d at 47 (same).

## CONCLUSION

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[3]

---

[3] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.

SO ORDERED.

DATED: March 28, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE